## GREENBERG v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 10, 1924.)

No. 3428.

1. Criminal law ☞742(1)—Questions of veracity, reasonableness, and probability are solely for jury.

Questions of veracity, reasonableness, and probability are solely for jury.

2. Internal revenue ☞47—Exclusion of evidence affecting defendant's willfulness in omitting item from income tax return held reversible error.

In prosecution under Act Nov. 23, 1921, § 253 (Comp. St. Ann. Supp. 1923, § 6336⅛v), for willful evasion of income tax, exclusion of evidence to show that items omitted from defendant's return were included in return filed by corporation which was but a holding company for defendant *held* reversible error, though such theory appeared highly improbable and was uncorroborated by documentary evidence, notwithstanding Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), requiring error to be prejudicial before warranting reversal.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Louis Greenberg was convicted of willfully evading the income tax, and he brings error. Reversed, with directions for new trial.

Joseph F. Grossman, of Chicago, Ill., for plaintiff in error.

Geo. N. Murdock, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was convicted of violating section 253 of the Revenue Law (Comp. St. Ann. Supp. 1923, § 6336⅛v), which condemns a willful evasion of the income tax.

The indictment contains two counts, one dealing with the 1920, and the other the 1921 return. From his 1920 return defendant omitted two items, one for $3,782.50, and one for $1,200. From the 1921 return he omitted two items, one for $4,250, and the other for $8,000.

His contention, however, is that the court's rejection of certain evidence (hereafter referred to) tending to disprove willful misconduct, followed by certain instructions, constitutes reversible error.

Greenberg obtained a discharge in bankruptcy in 1917, and thereupon organized the Lake Railway Supply Company, a corporation. Aside from two relatives, who were qualifying stockholders and dummy directors, he was its sole owner. It seems to have been a convenient entity into which he lost his individuality when his interests could be better served thereby.

Shortly thereafter he joined in the organization of another corporation, the Columbus Shipping Company, being its vice president and principal stockholder. He invested $12,500 therein, and gave his individual check therefor, and received in his own name the certificate of stock. There were but two other stockholders, who together invested $12,500.

This company prospered and considerable sums were paid to the three stockholders, either as dividend, bonus, or salary. The first item heretofore referred to, $3,782.50, was paid to defendant as a "bonus." The first item omitted in the 1921 return, $4,250, was paid by this latter corporation to defendant as a dividend, and the second item, $8,000, was paid as a salary to defendant.

Greenberg rendered no service for which this sum was or could have been paid, though its action in paying salaries was taken upon his motion.

Defendant's contention is that the Lake Railway Supply Company was his holding company, and was entitled to all of his earnings, revenue, or income derived from any source; that the stock in the Columbus Shipping Company, though standing in his name, belonged to the Lake Railway Supply Company; that the Lake Railway Supply Company's income tax return included these items.

Its return for 1921, though not received in evidence, was identified and is before us, and showed a loss for the year, so that the inclusion of these items would have been without attendant increase in tax.

Its return for 1921 failed to show any of the items above mentioned as such. It did, however, contain a statement of gross revenue as follows:

| | | |
|---|---|---|
| Gross sales, etc. | $ 8,235.75 | |
| Less cost of goods, sold, etc. | 16,914.35 | $ 8,678.60 |
| Commission | | $25,132.72 |
| Expenses, compensations, etc. | $25,701.06 | |
| Leaving a deficit of | | $9,066.94 |

Counsel for defendant then stated he would show by the books of the Lake Railway Supply Company and by oral testimony that the two sums above mentioned were included in the return.

The defendant failed to show by its books that defendant had paid these sums to the Lake Railway Supply Company. It did appear that defendant had received in 1920 from this company $25,182.50. No other book transactions were found to support the claim that these dividends, salaries, or bonuses had been turned over by defendant to said company. Defendant offered to show that the bookkeeper was incompetent, and that the books should have shown moneys turned over to the Lake Railway Supply Company and by it returned to him as a loan.

In other words, it is his claim that the company should have been charged with this money, and then credited with the amount loaned him.

The total thus borrowed does not correspond with the amounts above enumerated, but defendant claims that other items were earned by him from other employments, and all sums totaled $25,182.50.

Defendant testified on his own behalf, and stated or offered to testify that the Lake Railway Supply Company purchased the stock in the Columbus Shipping Company, but that stock was issued in his name in order to avoid the New York statutes; that neither defendant nor the Lake Railway Supply Company ever rendered any service for or transacted any business with the Columbus Shipping Company during the years 1920 and 1921; that the purchase of the stock was strictly an investment; that when he received the sums mentioned in the indictment, he advised the bookkeeper to enter it upon the books of the Lake Railway Supply Company.

On cross-examination he was confronted by his testimony given in the circuit court for Cook county, Ill., in an action brought by him against Briggs & Turivas. In that action a question arose whether money due from Briggs & Turivas belonged to defendant or to the Lake Railway Supply Company. We quote from the record:

"Q. Mr. Greenberg, does the Lake Railway Supply Company now claim any part of the proceeds for which you sue? * * * A. No, sir.

"Q. Do you claim them all for yourself? A. I do.

"Q. Have you paid the Lake Railway Supply Company any moneys received by you from the defendant on account of the matters stated in your bill? A. No, sir."

Referring to a payment this question was asked:

"Q. Does that indicate a payment to you or to your company? A. Yes.

"Q. Do you remember which that payment was to, to you or to your company? A. That was made to me."

On cross-examination, attempting to explain this testimony, defendant stated that what he meant was that in using the word "I" he meant "agent of the Lake Railway Supply Company."

Defendant was, of course, entitled to show that any omission from his tax returns was not willful. If he could support his claim that the Lake Railway Supply Company was entitled to the moneys represented by these items, and that such Lake Railway Supply Company included these items in its income tax return, it would have been material and relevant.

As between the government and the taxpayers, it may well be that defendant was required to pay an income tax upon the salary by him received from the Columbus Shipping Company, and it may well be that he, rather than the Lake Railway Supply Company, should pay the income tax upon the dividends paid upon stock that stood in his name. But a vastly different question arises in a criminal action where he was charged with a willful evasion of his income tax. We would have no doubt as to the admissibility of such evidence, were it not for his highly improbable story and the failure of the documentary evidence to corroborate him.

Defendant's story in a state court given only a few days from the date he made his income report is so completely at variance with his present explanation, the books of the Lake Railway Supply Company so utterly fail to support his assertion that the items in dispute belonged to or were turned over to such company, and the failure of the income tax return of the Lake Railway Supply Company to disclose these items, make defendant's professed innocence highly improbable.

[1] But all disputed issues of fact bearing on defendant's guilt are for the jury. Applebaum v. United States (C. C. A.) 274 F. 43; Allen v. United States, 4 F.(2d) 688. Questions of veracity, of reasonableness, and of probability in criminal cases are solely for the jury. The story of the defendant evidently appealed to the trial judge as a fairy tale—the product of a fertile imagination and an easy conscience. Inasmuch as it is not impossible, however, it should have gone to the jury for what it was worth.

[2] We are not unmindful of the holdings of those cases which require the erroneous ruling to be prejudicial before directing a reversal. Section 269, Judicial Code, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246); Malacrauis v. U. S. (C. C. A.) 299 F. 255; Sneierson v. U. S. (C. C. A.) 264 F. 268.

We have reached this conclusion, which necessitates a reversal of the judgment, not only because of this ruling on the evidence, but because the trial judge followed it with instructions that left nothing to support a finding by the jury of a good faith mistake on the part of defendant.

The judgment is reversed, with directions to grant a new trial.