**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James HIGGINS, Jr., Defendant-
Appellant.**

**No. 15446.**

United States Court of Appeals
Seventh Circuit.

June 29, 1966.

Rehearing Denied Aug. 2, 1966.

Raymond J. Smith, Earl E. Strayhorn, R. Eugene Pincham, Glenn C. Fowlkes, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Patrick F. Healy, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before KNOCH and SWYGERT, Circuit Judges, and BEAMER, District Judge.

BEAMER, District Judge.

Defendant appeals from a judgment convicting him after trial by jury on four counts of an indictment charging the sale of heroin on October 28, 1964 in violation of 26 U.S.C. § 4705(a) [Count I]; possession of heroin in violation of 21 U.S.C. § 174 [Count II]; the sale of heroin on November 10, 1964 in violation of 26 U.S.C. § 4705(a) [Count III]; and possession of heroin in violation of 21 U.S.C. § 174 [Count IV].

The sole error asserted by defendant on this appeal is the trial court's refusal to permit the introduction of certain evidence on behalf of the defendant during the cross-examination of Narcotic Agent Turnbou and during the direct examination of the defendant. The excluded evidence was offered for the purpose of impeaching the testimony of Agent Turnbou.

Agent Turnbou testified that he was introduced to the defendant in a candy shop by an informant on October 28, 1964. Turnbou stated to defendant that he wanted to buy a quantity of heroin. After defendant agreed to sell some heroin, Turnbou, the informant, and the defendant returned to the candy shop later in the evening and Turnbou gave defendant $100 in marked money. Later, defendant met Turnbou and the informant in a tavern across the street and gave Turnbou a foil-wrapped package of heroin. Turnbou also testified that defendant made a subsequent sale of heroin to him for the same price at the candy shop on November 10, 1964.

Agent Vinsik testified that he observed Turnbou, the informant, and Higgins enter and leave the tavern, sweet shop, and candy store on the dates in question. However, Vinsik did not personally observe the transfer of money or heroin.

The defendant testified and denied that he had ever talked to Turnbou or sold narcotics to Turnbou or admitted to either Turnbou or Vinsik that he had sold narcotics. Defendant also testified that he had owned a sweet shop for about five years and had worked as a butcher and in a paint shop prior to that time. Defendant stated he had never been convicted of a felony.

During the cross-examination of Turnbou and during the direct examination of the defendant, defendant's counsel offered to prove, and the trial judge rejected, the following evidence:

(1) Narcotics agents at the time of Higgins arrest attempted to enlist Higgins as a Government informer.

(2) After Higgins told the agents he would do what he could to help, he was charged with offenses un-

der 26 U.S.C. § 4704(a) and with no objection from the Government was released on his own recognizance.

(3) Higgins was given a slip of paper with the names of two narcotics agents and an unlisted telephone number where he could reach them.

(4) The agents made repeated attempts to contact Higgins after the original arrest and gave him names of men he should contact for the purchase of narcotics.

(5) Two months later, Higgins was indicted for the same alleged sales of narcotics under 26 U.S.C. § 4705(a), which involves heavier penalties than Section 4704(a). (A. 22–26)

Defendant offered this evidence for the purpose of impeaching the credibility of the testimony of Agent Turnbou. Defendant asserts this evidence tended to prove that Agent Turnbou had a motive or motives to falsify and, hence, was relevant on the issue of Turnbou's credibility. The trial court excluded the evidence on the ground that it was irrelevant and had no probative value for this purpose.

 If the rejected evidence had no probative value as to the credibility of Turnbou's testimony, the trial court properly excluded the evidence both upon the cross-examination of Turnbou as well as upon the direct examination of the defendant. Evidence which has no probative value with respect to any issue, including credibility, is not admissible and the trial judge has the function and duty to exclude such evidence from the consideration of the jury. Kansas City Star Co. v. United States, 240 F.2d 643 (8th Cir. 1957) cert. den. 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d 1438; United States v. Johnston, 318 F.2d 288 (6th Cir. 1963); Ford v. United States, 10 F.2d 339 (9th Cir. 1926) aff'd 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793. Furthermore, the trial court has considerable discretion as to how and when bias may

be proved and as to what collateral evidence for purposes of impeachment is material. Hardy v. United States, 118 U.S.App.D.C. 253, 335 F.2d 288 (1964); Travis v. United States, 269 F.2d 928 (10th Cir. 1959); United States v. Lawinski, 195 F.2d 1 (7th Cir. 1952). However, the court cannot usurp the function of the jury by substituting the court's own judgment for that of the jury with respect to the credibility of any witness or the reasonableness of any item of evidence which bears upon the guilt of the accused. Greenberg v. United States, 3 F.2d 226 (7th Cir. 1924).

Accordingly, the question for decision on this appeal is whether the excluded evidence had probative value for the purpose of impeaching the credibility of Agent Turnbou. Defendant contended in the trial court that the excluded evidence could have been used to show that Agent Turnbou had a motive to falsify, namely bias or hostility with reference to the defendant resulting from the defendant's refusal to become an informant. Such bias, argues defendant is further evidenced by the fact that defendant, after refusing to become an informant, was charged with violations of 26 U.S.C. § 4705(a) which carries a heavier penalty than does 26 U.S.C. § 4704(a) under which defendant was originally charged. Defendant's argument concerning Turnbou's bias overlooks the fact that the original charge brought against defendant under 26 U.S.C. § 4704(a) involves the same essential illegal conduct as does 26 U.S.C. § 4705(a). Both sections involve the unlawful transfer of narcotics. Section 4705(a) declares that "[i]t shall be unlawful for any person to sell, barter or exchange, or give away any narcotic drugs except in pursuance of a written order * * * on a form to be issued * * * by the Secretary". Section 4704(a) states that "[i]t shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package * * *." Although the penalties vary, the essential unlawful

conduct under each section is the same. Accordingly, when the original charge was brought against defendant, defendant was accused by Turnbou of the same unlawful conduct which was the subject of Turnbou's testimony at this trial. However, defendant was accused of this conduct prior to the time defendant had refused to become an informant, that is, prior to the time Turnbou had any basis for harboring bias or hostility toward this defendant. Accordingly, the offer of proof concerning events subsequent to defendant's arrest had no probative value for impeachment of Turnbou's testimony about defendant's conduct and events which occurred prior to the time Turnbou had any motive to falsify resulting from bias or hostility toward defendant.

Defendant, before this Court, has made an additional broader argument concerning the relevance of the excluded evidence. Defendant contends that the excluded evidence tended to prove that Agent Turnbou had a motive to falsify which arose prior to the time defendant was arrested and originally charged with a violation of 26 U.S.C. § 4704(a). Defendant argues that the excluded evidence could have been used as a basis for showing that Turnbou had fabricated the entire case against defendant for the purpose of enlisting defendant as an ideal informant. Subsequently, when defendant refused to become an informant, Turnbou had to proceed with the case and had to testify falsely against defendant.

We hold that the excluded evidence had no probative value for this purpose. Evidence which shows only that an accused is arrested, asked to become an informant, and subsequently charged with a similar offense carrying a heavier penalty upon his refusal to become an informant does not tend to prove that the entire case against defendant was fabricated or that corroborated testimony about defendant's conduct prior to his arrest is false. A careful examination of defendant's offer of proof, together with all reasonable inferences therefrom, indicates that the excluded evidence did not tend to prove Turnbou had fabricated a case against defendant to obtain an informant. The mere fact that a person is arrested and asked to become an informant, without more, does not tend to prove that a case has been fabricated. Nor does the fact that the accused is later charged by a grand jury with a similar offense carrying a heavier penalty tend to prove that the case is fabricated. In sum, the conclusion sought to be established was not rendered more probable by virtue of the offered evidence. Mutual Life Insurance Co. of New York v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892). See also, McCormack, Evidence, Sec. 152.

Defendant places heavy reliance upon Greenberg v. United States, 3 F.2d 226 (7th Cir. 1924). However, in Greenberg, the court held that evidence *relevant* to the issue of defendant's guilt should not be excluded even though the trial judge may believe it to be incredible or a product of the imagination of the accused. The offered evidence in Greenberg was disbelieved by the trial judge and excluded from the jury although the evidence would have had a vital bearing on the issue of defendant's guilt, if believed by the jury. In the case at bar, the excluded evidence had no bearing on defendant's guilt or innocence nor did the evidence have any rational connection with the credibility of Agent Turnbou's testimony.

For these reasons, we find no error in the trial court's exclusion of the offered evidence under the facts and circumstances of this case.

The Judgment of the district court is affirmed.

Affirmed.