Lonzo NUTTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22758.

United States Court of Appeals Ninth Circuit.

May 29, 1969.

---

J. R. Hagan (argued), Menlo Park, Cal., for appellant.

Howard B. Frank (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Wm. J. Cargaro, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

On June 12, 1967, appellant Lonzo Nutter was arrested by agents of the Federal Bureau of Narcotics. He was subsequently named in a four count indictment; three counts alleged violations of 21 U.S.C. § 174 and a fourth alleged a violation of 26 U.S.C. § 4705(a). On January 4, 1968, a jury found the appellant to be guilty of each count in the indictment. On the same day sentence was imposed by the district court—four 10 year terms to run concurrently. Lonzo Nutter appeals from the conviction and sentence.[1] The questions presented are—

1. Is 21 U.S.C. § 174 constitutional?
2. Were prior felonies improperly admitted for impeachment?
3. Was it error to refuse to reveal the identity of the informer prior to trial?
4. Was there an improper limitation on the examination of the informer?
5. Was there a combination of errors denying appellant a fair trial?

## FACTS

There is no dispute as to the facts in the case. On June 6, 1967, Agent William Jackson of the Federal Bureau of Narcotics went with an informer, Bill Davis, to the latter's residence. There Davis introduced Agent Jackson to appellant Nutter. Jackson and Nutter then retired to the kitchen; while there Nutter sold to Jackson two condoms containing heroin for a price of $345.00. Jackson then told Nutter that he wanted to buy "more stuff in a few days." Nutter told him to make contact through Davis.

On June 12, 1967, Davis and Jackson in Davis' car met Nutter, who offered to sell three ounces of "stuff" for $1,050.00. Agent Jackson examined the merchandise, six knotted condoms containing heroin. Nutter agreed to a sale price of $900.00. The three men then drove to a bank in Davis' car on the pretext of withdrawing funds to pay for the purchase. Upon arriving at the bank and on a prearranged signal, other narcotics officers converged on the car and arrested Nutter.

At no time during or after either transaction did the appellant request or receive an order form as issued by the Secretary of the Treasury for transfers of narcotics.

## DISCUSSION

(1) *Constitutionality of the Presumption in 21 U.S.C. § 174.*

The appellant makes five different challenges of unconstitutionality to 21 U.S.C. § 174; the law is well settled to the contrary on each ground.

He first contends that the presumption places an unconstitutional burden of proof on a criminal defendant and in effect reduces the crime defined in § 174 to mere possession. The courts have rejected this contention; Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Chavez v. United States, 343 F.2d 85, 87 (9 Cir.

---

1. A motion for an initial hearing in banc was filed February 25, 1969. The motion is denied.

1965); Gonzales v. United States, 162 F.2d 870, 871 (9 Cir. 1947).

■ Appellant next contends that the presumption compels the defendant to take the stand in violation of the Fifth Amendment. Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 69 L.Ed. 904 (1925) holds to the contrary.

■ Appellant further contends that the instruction given by the trial court as to the presumption in § 174 constitutes a comment on his failure to take the stand in violation of the Fifth Amendment. This court has previously held to the contrary. Brown v. United States, 370 F.2d 874, 876 (9 Cir. 1966).

The appellant contends that the phrase "to the satisfaction of the jury" is so vague that the defendant cannot know what burden he has; in addition, he contends that this standard merely leaves the sufficiency of the explained possession to the subjective determination of the jury rather than the objective reasonable doubt standard. This contention is also without merit.

■ There are four elements of the crime charged in § 174 which must be proven beyond a reasonable doubt in order to convict a person charged thereunder. Verdugo v. United States, 402 F.2d 599, 603 (9 Cir. 1968):

> "The first paragraph of section 174 creates an offense having the following elements: (1) participation in a transaction involving narcotic drugs in any one of the ways specified in the statute (importation, receipt, concealment, purchase, etc.); (2) commission of this physical act "fraudulently or knowingly"; (3) illegal importation of the narcotic drug; and (4) knowledge of the illegal importation."

Also United States v. Llanes, 374 F.2d 712, 715 (2 Cir. 1967). A defendant in a § 174 prosecution is not required to prove the lawfulness of his possession in order to overcome the presumption. United States v. Peeples, 377 F.2d 205, 210 (2 Cir. 1967). The presumption is rebutted if he presents evidence which raises reasonable doubt as to the existence of any one of the required elements. Chavez v. United States, 343 F.2d 85, 89 (9 Cir. 1965). Therefore, a person charged with violation of 21 U.S.C. § 174 does not face a statute containing a "vague" requirement; just as any other individual accused of a crime, he must be proven guilty beyond a reasonable doubt.

Appellant next contends that he is denied equal protection of the law since he is required to prove his innocence while other defendants charged with different crimes go free if reasonable doubt exists as to their guilt. As discussed above, a defendant in a § 174 case has no different burden than any other defendant in any other criminal case.

■ Finally, the appellant contends that there is no rational connection between the fact proved and the facts inferred by the § 174 presumption. We have recently held to the contrary. Verdugo v. United States, 402 F.2d 599, 603 (9 Cir. 1968); see, Sanchez v. United States, 398 F.2d 799, 800 (9 Cir. 1968).

(2) *Admission of Testimony of Prior Felony Convictions to Impeach the Defendant's Testimony in His Own Behalf.*

Appellant took the witness stand to testify in his own behalf and was impeached[2] by proof of two prior felony convictions, one of which involved a sale of narcotics.

Appellant's counsel, beginning with his opening statement, raised the defense of entrapment. It was not until after the evidence was in and the court and counsel were settling instructions, that appellant's counsel abandoned the defense and specifically requested the court not

2. No problem concerning Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), involving the need for a district court, in exercising discretion in ruling on the admission of prior convictions, to evaluate the specified factors mentioned in *Luck*, was raised below or on this appeal.

to give an entrapment instruction. The court complied with his request.

Since the appellant had raised the defense of entrapment issue, cross-examined government witnesses and offered defense testimony on the issue, the government was entitled to conduct a searching inquiry into appellant's past to show a pre-disposition on the part of appellant to engage in the illegal conduct alleged in the indictment and to show the reasonableness of the government's activities. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrels v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

■ The admission into evidence of the felony conviction for selling narcotics—the one of which appellant particularly complains—was pertinent to the entrapment issue, which was then still in the case.

■ Both felony priors were admissible to impeach the appellant as to his credibility. Singleton v. United States, 381 F.2d 1, 4 (9 Cir. 1967), cert. denied 389 U.S. 1024, 88 S.Ct. 601, 19 L.Ed.2d 673 (1967); Helberg v. United States, 365 F.2d 314, 316 (9 Cir. 1966). The jury was so instructed.

■ Appellant urges this court to re-examine the rule of this circuit, and to hold that the admission of the two prior convictions to impeach the appellant in this case was a violation of due process. We choose to follow the established rule of evidence. Appellant was not denied due process of law by the introduction of his prior felony convictions to impeach his testimony as a witness.[3]

(3) *Refusal of the Government to Identify the Informer.*

■ The appellant contends that the government's failure to disclose the identity of an informer in the case operated as an effective denial of his right to confront his accusers. There was no formal request or motion by defense counsel for the disclosure of the identity of the informer in this case. No sufficient showing of prejudice has been made.

(4) *The Examination of the Informer Davis.*

During the presentation of the case for the defense, the appellant's trial counsel called Davis, the informer, as a witness for the defense. Direct examination began with defense counsel asking Davis whether he had "ever been arrested by the Federal Bureau of Narcotics for an offense involving heroin." Davis replied that he had been arrested in December 1966. The questioning continued:

"Q. Could you tell us what happened that caused you to become arrested?

"A. I was involved in a sale   *   *  "

The trial court interrupted and at a conference at the bench, pointed out that the witness was without counsel and there was the possibility of a federal proceeding, in which Davis had not yet been indicted. The court stated that the details of the arrest of December 1966 were not material. Appellant's counsel contended he was entitled to show that the modus operandi of the December 1966 offense was the same or similar to the modus operandi of the offenses involved in the case on trial, and whether it was the heroin of the appellant which was sold in the instant case or the heroin of Davis, the informer.

The trial court ruled that counsel might interrogate Davis about any matter concerning the events of June 6 and June 12 (the dates of the two sales in the case on trial) but not about the facts surrounding arrest of Davis in Decem-

---

3. For the first time on appeal of this case, appellant contends that he was not adequately represented by counsel at his conviction in 1959: therefore he contends that particular prior could not be introduced into evidence even to impeach his credibility. He did not raise the point below in the trial court and no evidence appears in the record of the case which touches upon the contention. We, therefore, decline to pass on the matter.

ber 1966, with which appellant was not connected.

In subsequent direct examination defense counsel brought out the following facts: Davis went to jail after his December 1966 arrest and was released within two days on bond; Davis had appeared before a United States Commissioner but had never been charged with an offense; finally Davis stated that he had voluntarily offered to act as an informer to help his own case, and apparently to avoid prosecution. In addition, defense counsel fully examined Davis as to his actions on June 6 and 12, 1967.

Appellant contends that the trial court's ruling which prevented the defense from inquiring into the events surrounding Davis' 1966 arrest violated the Sixth Amendment right to confront the witnesses against him and the Fifth Amendment right to a fair trial. Appellant realizes that Davis was called as a defense witness, however, it is his contention that the right to confrontation of witnesses should apply here since Davis gave aid to the government.

There was nothing unique in the transactions involved in the charges in the case on trial. The informer Davis was present when the appellant sold the narcotics. Had there been some complicated and equivocal transaction involved, there is a possibility that proof as to the facts of the transaction in December 1966 might have thrown some light on the transactions involved in the case on trial. In view of the simple situation that existed in the sales of June 6 and 12, 1967, it is difficult to see how the development of the facts concerning the December 1966 transaction could in any way have been material to the defense of appellant. The trial court had the duty to weigh the possible value to the appellant of the proposed evidence as against the confusion and delay incident to the trying of the facts of the 1966 transaction, in which appellant was in no way involved.

The general rule of evidence which is followed in this circuit was stated in Mims v. United States, 254 F.2d 654, 659 (9 Cir. 1958):

> "The discretion of a trial court is large as to how and when bias may be proved and what collateral evidence is material."

See also, Wilson v. United States, 250 F.2d 312, 325 (9 Cir. 1958). The trial court also has a duty to "itself be zealous to protect the constitutional rights of any witness—even one so low as a convicted peddler of narcotics." Hamer v. United States, 259 F.2d 274, 282 (9 Cir. 1958). With these tenets to gauge the action of the trial court in this case, we can find no error in its ruling which limited the defense examination of Davis.

During the examination of Davis, counsel for appellant asserted that Davis was a hostile witness and that counsel should be allowed to cross-examine him. The trial court observed that it had seen no evidence of hostility, and said, "We will rule on the individual questions and objections as they are presented." From that point on in the record there was not a single objection by the government which was sustained by the court, with reference to the examination of Davis by appellant's counsel. The court's ruling was not final. It is clear that the court stated that individual questions and objections would be ruled upon, and counsel for appellant at no time had his examination thereafter limited.

The decision to declare a witness hostile or that his testimony constitutes surprise is within the court's discretion and will be grounds for reversal only on showing an abuse of that discretion. Bieber v. United States, 276 F.2d 709, 712–713 (9 Cir. 1960); Doto v. United States, 96 U.S.App.D.C. 17, 223 F.2d 309, 311 (1955); Fields v. United States, 82 U.S.App.D.C. 354, 164 F.2d 97, 100–101 (1947), cert. denied 332 U.S. 851, 68 S.Ct. 355, 92 L.Ed. 421 (1948).

There was no record made to support the contention. In any event, no abuse of discretion has been shown.

**(5)** *Combination of Errors.*

Appellant finally contends that the combination of errors during his trial deprived him of due process. We have found no error below. This contention is rejected.

The judgment of the district court is affirmed.