Jackie HOOPER, Appellant,

v.

STATE of Texas, Appellee.

Billy Pete BRAZZELL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46079, 46080.

Court of Criminal Appeals of Texas.

May 23, 1973.

---

1. No claim is made that the automobile was searched.

C. C. Divine, Houston, for appellants.

Sam Cleveland, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant Hooper was convicted for the offense of possession of heroin; the sentence of 10 years' confinement was suspended and he was placed on probation. Appellant Brazzell was convicted of the offense of sale of heroin and received a punishment of 30 years' confinement. A joint trial was conducted, and a single brief has been filed in the cause.

Appellants challenge first the trial court's granting of a motion in limine filed by the State which would not permit him to prove up beatings of appellants by police officers. This motion sought to prevent the defense from going into "any contended harm or injury claimed to have been inflicted upon Jackie Hooper, Billy Pete Brazzell, or Billy James Seal, in connection with the arrest of any of them, after the arrest of any of them, or before the arrest of any of them, on March 3rd A.D., 1971, without first having taken the same up with the court out of the presence and hearing of the jury, or prospective jurors." The motion was granted by the trial judge.

Defense counsel complied with the order, and when ready to present evidence of the alleged beatings, sought the permission of the court, permission was refused. The court apparently agreed with the prosecutor's argument that "what happened after the commission of those offenses, whether its beginning might be contended to be two minutes afterwards or five minutes afterwards or whatever, wouldn't have anything to do with their guilt or innocence. . . ."

Appellant properly preserved his objections to the court's ruling and offered the following evidence outside the presence of the jury:

Billy James Seal stated that he was hit in the side of the head with a pistol, knocking him down. He further testified that when he was taken inside the motel room occupied by the undercover narcotics agents, he observed appellant Hooper being hit in the back of the head with a shotgun. He stated that Hooper's legs were then stomped after he was knocked onto the floor.

Appellant Brazzell testified to the effect that while in the motel room, he was beaten, kicked and stomped by an officer and that a cattle prod was then used on his back. He testified that the beating went on for over two hours and that the officers were trying to get him to reveal where "the rest of the dope" was. Brazzell also stated that he saw the officers stomp appellant Hooper's hands.

Hooper's testimony, also allowed only while the jury was retired, was that he was hit and beaten by the officers and that he observed appellant Brazzell being beaten also.

The sheriff of Palo Pinto County testified, again before the court only, and stated that no beatings occurred "in his presence" and that if anything like that went on, it was done without his knowledge and without his sanction. When asked if it did occur, he answered: "It wasn't in my presence, sir." The sheriff further testified that several days after the arrest, upon their request, he took Brazzell and Seal to a hospital in Mineral Wells.

We find the State's argument, citing no authorities, on the inadmissibility of this evidence to be wholly without merit. The jury's job in this cause came down to the issue of who they should choose to believe, the appellants or the police officers. Appellant Brazzell's defensive theory was that he was acting only as an accommodation agent for the undercover officer and that he was fully aware of the fact that this man was a narcotics agent. Appellant Hooper's testimony denied ever carrying a paper sack containing heroin, as the State alleged.

Defense counsel summed up the critical issue when he argued to the judge, "Who is the jury going to believe." The police officers' credibility was all impor-

tant; any possible malice, bias or prejudice towards appellants would be admissible to attack their credibility, and to lay the groundwork for possible impeachment of the officers. The State contends that, since no confession was sought to be introduced in this case, evidence of the alleged beatings was inadmissible. We are not swayed by such argument. Also, the offered testimony does reflect appellants' theory that they were tortured, upon arrest or immediately thereafter, by the officers to force them to reveal "where the rest of the dope was." See Durfee v. State, 73 Tex.Cr.R. 165, 165 S.W. 180 (1914). As we stated recently in Wood v. State, 486 S.W.2d 359 (Tex.Cr.App.1972), great latitude should be allowed the accused in showing *any fact* which would tend to establish ill feeling, bias, motive and animus upon the part of any witness testifying against him.[1]

The trial court's refusal to permit such testimony at the trial warrants reversal.

Accordingly, the judgment is reversed and the cause remanded.

---

1. The motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral matters. The adverse party may prove declarations of a witness which tend to show bias, interest, prejudice, or any other mental state or status which, fairly construed, might tend to affect his credibility. 1 Branch's Ann.P.C., 2d ed., Sec. 185, pg. 192.