**Billy James SEAL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45573.**

Court of Criminal Appeals of Texas.

July 3, 1973.

C. C. Divine, Houston, for appellant.

Sam Cleveland, Stephenville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for delivery of heroin[1] wherein the punishment was assessed at 20 years.

This cause must be reversed for the same reason as the companion case of Hooper and Brazzell v. State, 494 S.W.2d 846 (Tex.Cr.App.1973).

At the outset we are confronted with the refusal of the trial court to permit the co-defendant Brazzell (although not on trial) to testify concerning the events that occurred shortly after his arrest growing out of the offense or transaction for which the appellant was also charged in order to show the animus, motive, bias, ill feeling, etc., of the arresting officers and other officers who testified for the State.

Prior to trial the court granted the State's motion in limine to prevent the appellant during the voir dire examination of the jury panel and during the trial from mentioning any injuries the appellant may have received without first obtaining the court's permission to do so.

The State's evidence reflects that co-defendant Brazzell on March 3, 1971 in Mineral Wells offered to sell undercover agent Adams some heroin and that arrangements were made to deliver the heroin to Room 38 in the Skyline Motel; that about 6:30 p. m. that afternoon Brazzell and Hooper were seen in a car near the motel and the appellant was observed talking to them and later seen to hand Hooper a brown sack.

After Brazzell made the sale and the money was being counted he was arrested in Room 38. Hooper was arrested in the car. Appellant was arrested after a fight with the officers near his pickup with the

hood raised a short distance down the highway from the motel room.

Testifying in his own behalf, appellant denied any involvement in the alleged offense. He further denied he had any contact with Brazzell or Hooper and testified that he stopped where he did because he was having trouble with his voltage regulator. He acknowledged he knew Brazzell to whom he had sold a car several weeks earlier but claimed he did not know Hooper.

He related he was taken to a motel room other than where the co-defendants were being restrained and there he was badly beaten by the officers with a cattle prod, etc.

A doctor also testified that he examined the appellant on March 17, 1971, when the appellant was brought to his office by some deputies, and he found that the appellant had a fractured rib.

Appellant then called co-defendant Brazzell. When he attempted to elicit from Brazzell what occurred after Brazzell's arrest, the court sustained the State's objection. In the jury's absence, the appellant perfected his bill of exception showing that Brazzell would testify that he, too, had been beaten in the motel room with a shotgun, leaving permanent marks or scars on his body which were displayed to the judge. He further testified the officers were trying to force him to reveal "where the rest of the dope was." Despite appellant's insistence that the same was admissible to show animus, motive, etc., on the part of the officer-witnesses the court refused to permit the jury to hear the same.

In rebuttal the State called a number of officers to specifically refute appellant's testimony that he was beaten by the officers.

---

1. The appellant contends that there is no such offense as the "delivery of heroin." The State candidly admits the word "delivery" was inadvertently used in the indictment but contends the same is an offense within Article 725b, § 23(b), Vernon's Ann.P.C. In view of our disposition of the case, we need not resolve appellant's contention.

Under the circumstances, appellant contends the excluded testimony bore heavily upon the question of whether the alleged offense was filed "as a result of officers performing their duty or from animus, fear, malice, or caution obtained from mistreatment of the appellant and others while in custody of the officers. . . ."

In Hooper and Brazzell v. State, supra, where similar testimony was excluded, this court wrote,

"Defense counsel summed up the critical issue when he argued to the judge, 'Who is the jury going to believe'. The police officers' credibility was all important; any possible malice, bias or prejudice towards appellants would be admissible to attack their credibility, and to lay the groundwork for possible impeachment of the officers. The State contends that, since no confession was sought to be introduced in this case, evidence of the alleged beatings was inadmissible. We are not swayed by such argument. Also, the offered testimony does reflect appellants' theory that they were tortured, upon arrest or immediately thereafter, by the officers to force them to reveal 'where the rest of the dope was.' See Durfee v. State, 73 Tex.Cr.R. 165, 165 S.W. 180 (1914). As we stated recently in Wood v. State, 486 S.W.2d 359 (Tex.Cr.App. 1972), great latitude should be allowed the accused in showing *any fact* which would tend to establish ill feeling, bias, motive and animus upon the part of any witness testifying against him."

See also 1 Branch's Ann.P.C.2d ed. § 185, p. 192.

■ For the same reason, this cause must be reversed. It would further appear that since the State elicited testimony as to the details of the offense, details of Brazzell's arrest and his attempt to close the door in the officer's face, the discovery of a pistol on his person, his detainment at the motel awaiting the possible delivery of "the rest of the heroin," the appellant would have the right to offer the excluded evidence under Article 38.24, Vernon's Ann.C.C.P., even if the same was not also admissible as part of the res gestae of the offense or arrest.

■ We also observe that a most serious question is presented by the failure of the trial court to respond to appellant's timely objection and special requested charge on the law of circumstantial evidence. In our opinion, under the facts before the jury, the charge should have been given.

The judgment is reversed and the cause remanded.