**Max Harold SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49120.**

Court of Criminal Appeals of Texas.

Dec. 11, 1974.

Lawrence B. Mitchell and Chuck Miller, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted, in a trial before a jury, of robbery. Punishment was assessed at twenty-five years.

Considered in the light most favorable to the verdict, the record reflects that at about 7:45 P.M., on January 28, 1973, appellant by using a pistol robbed Ronnie Waldrop, the clerk in charge of a 7-Eleven store in Dallas, of money then under the care, custody and control of Waldrop.

Appellant did not testify, and offered no defense witnesses.

Appellant in his first two grounds of error alleges two Brady v. Maryland[1] instances of suppression of material evidence by the State.

Prior to the trial, appellant filed a motion for discovery of certain matters and instruments allegedly in the possession of the State. The record reflects that this motion was first called to the court's attention after the State had closed its evidence on the second day of the trial. At the discovery hearing, appellant asked for the right to view a police report made by the original investigating officer, which included a description of the robber as given the officer by the complaining witness Ronnie Waldrop. The officer making the report did not testify. The State told the

court that it had no evidence which would in any way tend to exonerate the appellant.

The report was viewed by the court, who ruled that the description of the robber given the officer by Waldrop was not in any way in conflict with Waldrop's testimony, and refused to allow appellant to read the report. The report was made a part of the record, and is before us.

Appellant's particular complaint on appeal in ground number one is that the report reflects that a pistol used by the robber had black handles, whereas, Waldrop testified that the pistol had white handles, and that State's Exhibit No. 1, a pistol with white handles found at appellant's residence, looked like the one used in the robbery. He argues that the State wrongfully suppressed the evidence in the report of a black handled pistol being used, which would have been useful to appellant in his cross-examination of Waldrop, the only witness who identified appellant as the robber, and that the suppressed evidence related directly to the credibility of the State's key witness, Waldrop.

Since the report was not made available to appellant until it was included as an exhibit to the reporter's transcription of the evidence, this contention was made for the first time in appellant's brief.

The standard to be applied in cases of suppression or nondisclosure of evidence by the State is whether the testimony may have had an effect on the outcome of the trial. Crutcher v. State, Tex.Cr.App., 481 S.W.2d 113, 117; Means v. State, Tex.Cr. App., 429 S.W.2d 490.

In Crutcher, supra, the judgment was reversed because of the suppression of evidence by the State. A key State's witness, whose evidence was essential to corroborate the testimony of an accomplice witness, had given a description of the robber to the police, which was included in a police report, entirely inconsistent with her

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

testimony in court. In a Brady v. Maryland hearing on a motion for discovery, and a separate hearing on the in-court identification, this information contained in the report was not furnished to the defendant. The officer to whom the witness had originally given the description testified on the motion for new trial of facts reflecting the inconsistency of her testimony, and stated that he had given the information as told him by the witness to the prosecuting attorney before the trial.

We quote as follows from the opinion in Crutcher:

"In Means v. State, 429 S.W.2d 490, 493–495 (Tex.Cr.App. 1968), this court wrote:

" 'The relatively recent development of the prosecutor's constitutional duty to disclose evidence favorable to the accused began in 1935 with Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, and has continued to develop. Certain guidelines and rules have emerged.

\*　　\*　　\*　　\*　　\*　　\*

" 'Further, we note that a conviction must be reversed if the prosecutor actively suppresses evidence which may exonerate the accused or be of material importance to the defense. Jackson v. Wainwright, 5 Cir., 390 F.2d 288; Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; United States ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407, cert. denied, 345 U.S. 904, 73 S.Ct. 639, 97 L.Ed. 1341; Curran v. State of Delaware, 3 Cir., 259 F.2d 707, cert. denied, 358 U.S. 948, 79 S.Ct. 355, 3 L.Ed.2d 353. See Goldstein, "The State and the Accused: Balance of Advantage in Criminal Procedure," 69 Yale L.J. 1149 (1960).

" 'Reversible error is also committed where the prosecutor negligently or inadvertently fails to disclose evidence which may exonerate the accused or which may be of material importance to the defense, even though not offered as testimony at the trial and even though the accused's counsel is not diligent in his preparation for trial. . . .

\*　　\*　　\*　　\*　　\*　　\*

" 'The standard applied in such cases has been whether the testimony "may have had an effect on the outcome of the trial." Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed.2d 1217.

" 'The development of the case law on this subject teaches that the good or bad faith of the prosecutor or the lack of diligence by the defense counsel or the lack of request for such information (particularly where defense counsel has no reason to suspect the existence of such evidence) are not the controlling factors they may have once been.

" 'In Barbee v. Warden, 4 Cir., 331 F.2d 842, it was said: "In gauging the nondisclosure in terms of due process, the focus must be on the essential fairness of the procedure and not on the astuteness of either counsel." ' "

See, also, Ridyolph v. State, Tex.Cr. App., 503 S.W.2d 276.

■ Applying the standard above set forth to the evidence in the instant case, we conclude that knowledge by appellant's counsel during the trial of the notation in the officer's report that "Suspect used a chrome plated derringer unk caliber, with blk handles" would not have exonerated appellant or have had any effect on the outcome of the trial.

The complaining witness Waldrop definitely identified appellant as the robber. He recognized his photographs from a number of photos shown him shortly after the offense. Later, at a separate hearing on the in-court identification, he was very definite and positive in recognizing appellant as the robber. In his testimony before the jury he stated that the lighting in the store was very good, and that he had several minutes in which to observe appellant

as he selected several items from the shelves and brought them to the counter, before exhibiting the pistol, and his identification of appellant was not shaken in the least by cross-examination. There was no evidence that his identification of appellant, either by photograph or personally in court, was tainted or caused by anything impermissibly suggestive.

The trial court so found at a hearing, and appellant has not assigned error as to the identification.

Waldrop identified a small, white handled derringer as being similar to the gun used by the robber, and testified that the gun had white handles. Even though counsel could have used the unexplained notation in the police report to cross-examine him as to his identification of the pistol, we conclude that such cross-examination would not have affected the verdict in view of the positive, definite evidence of the identification of appellant as the robber and the other evidence in the record.

 In his second ground, appellant alleges that the State erroneously concealed from him the statement contained in the above mentioned police report that "Reportee (Waldrop) stated that the suspect was very polite, did not threaten him in anyway."

In order to properly assess this statement, it is necessary to copy a portion of what precedes it. The report quotes Waldrop as having told the officer of the details of the robbery, with a derringer being exhibited, and money being demanded. After the money was handed the robber, we quote from the report:

> "Suspect then told the reportee 'that's enough,' and waived his pistol in the air. Reportee asked the suspect if he wanted him to go into the back room. Suspect told him yes, and reportee went into the back room of the store. Suspect put his pistol back in his pocket and left headed west on Colorado. Reportee stated that the suspect was very polite and did not

threaten him in anyway. Suspect did not seem very bright or smart and acted like a hick . . . . "

Waldrop did not testify that appellant threatened him orally, but stated that he pointed the gun at him and made clear demands by making gestures with the gun.

What we have said in overruling the first ground of error is equally applicable here. No reversible error is shown.

Appellant's first and second grounds of error are overruled.

In his third ground, appellant complains of reversible error by reason of the court sustaining the State's objection to evidence offered by appellant to show the reasons why the witness Ronnie Waldrop had been discharged by his employers.

On cross-examination, Waldrop testified that he ceased working for the owners of the 7-Eleven store in the latter part of July, 1973.

In the absence of the jury on bill of exceptions, Waldrop testified that he was discharged because a bag of change money for which he was responsible disappeared. He stated that when he discovered the loss, he telephoned the manager, and searched for the money, but couldn't find it. He denied taking the money, but failed to pass a polygraph test, and the company terminated his employment. No criminal charges were filed against him. This occurred about six months after the robbery for which appellant was on trial.

Appellant contended in the trial court and insists on appeal that this evidence was admissible to show bias of the witness and his motive for fabricating his testimony in accusing another of the January loss of money of which he had custody and control.

 As the Court has frequently stated, great latitude should be allowed the accused in showing any *fact* which would tend to establish ill feelings, bias, motive and animus upon the part of any witness

testifying against him. Blair v. State, Tex.Cr.App., 511 S.W.2d 277; Hooper v. State, Tex.Cr.App., 494 S.W.2d 846; Kohler v. State, Tex.Cr.App., 490 S.W.2d 592; Wood v. State, Tex.Cr.App., 486 S.W.2d 359; Jackson v. State, Tex.Cr.App., 482 S.W.2d 864; Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

■ Although the mere fact of an arrest or indictment of a witness is not normally admissible for impeachment purposes to show bias, motive, ill feelings or animus,[2] where the evidence of an arrest or legal accusation arises out of the same transaction for which the defendant is on trial, it may be admissible as such impeachment of the witness. United States v. Musgrave, 483 F.2d 327, 338 (5th Cir. 1973).

■ In the instant case, there was no legal charge or accusation filed against the witness for the events of July, 1973. There was no evidence that this occurrence had any connection with the alleged robbery in January, six months earlier, and the rejected evidence was in no way shown to be relevant on the issue of motive or self-interest. See Huffman v. State, Tex. Cr.App., 479 S.W.2d 62, 67. The witness testified that prior to the night of the robbery he did not know appellant, and so far as he knew had never seen him. There was no evidence to the contrary, and hence no evidence of ill feeling or animus.

Under the facts of the case, the court properly excluded this offer of evidence. Article 38.29, Vernon's Ann.C.C.P.

The third ground of error is overruled.

In his fourth ground, appellant complains of alleged error in the State's argument to the jury at the punishment stage.

As the prosecuting attorney was concluding the final argument to the jury at the punishment stage, the following proceedings are shown by the record.

"I ask you to write this verdict of life because he has earned his place down in the Texas Department of Corrections. He went down there and it didn't do any good. Thirty-two years old, he cannot be rehabilitated.

"MR. MITCHELL: I am going to object to that. There is no evidence to support that the Defendant cannot be rehabilitated.

"THE COURT: Sustain the objection.

"MR. MITCHELL: Ask the jury be instructed to disregard that.

"THE COURT: I instruct the jury to disregard it.

"MR. MITCHELL: I move for a mistrial.

"THE COURT: I instruct the jury not to consider it for any purpose, the statement he cannot be rehabilitated in the State's argument.

"I overrule your motion.

"MR. MITCHELL: Thank you, sir."

At the punishment stage, it was shown that appellant had served time in the Texas penitentiary for a conviction of theft from the person, and had twice been convicted of misdemeanors for which he had been confined in jail. In his opening argument, defense counsel argued that the actions of appellant in the robbery were not those of a hardened criminal, and that regardless of his past criminal record he had paid his debt to society, and should receive the minimum punishment so that when he came out he could "make a go of it." He also argued, "Let him out where he will have a chance to seek gainful employment if its going to do him any good at all."

■ The remarks of the prosecutor were in legitimate reply to the argument of defense counsel, and constituted a proper call for law enforcement. Hurd v.

2. Article 38.29, V.A.C.C.P.

State, Tex.Cr.App., 513 S.W.2d 936; Chapman v. State, Tex.Cr.App., 503 S.W. 2d 237; Hartman v. State, Tex.Cr.App., 496 S.W.2d 582.

Further, error, if any, was made harmless by the court's instruction to disregard. Pearce v. State, Tex.Cr.App., 513 S.W.2d 539; Hunt v. State, Tex.Cr.App., 511 S.W.2d 954; Sloane v. State, Tex.Cr. App., 507 S.W.2d 747.

The fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.