Emmett Eugene CLOUD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 54036.

Court of Criminal Appeals of Texas, Panel No. 1.

May 10, 1978.

Rehearing En Banc Denied July 19, 1978.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Rick Russell, Asst. Dist. Attys., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for public lewdness. V.T.C.A. Penal Code, Sec. 21.07(a)(2); punishment is confinement in the county jail for six months and a fine of $1,500.

A Dallas police officer testified that he saw the appellant commit an act of deviate

sexual intercourse in the steam room of the Bachelor Quarters Health Studio on April 29, 1975. The appellant denied he had committed the act. Other than the appellant, the only witness whose testimony directly concerned the alleged offense was the police officer.

The appellant in his sole ground of error asserts that he was denied his constitutional right to the confrontation of the witness because the court restricted appellant's right to cross-examine the officer. The appellant's counsel was permitted to fully cross-examine the officer concerning all of his testimony on direct examination. The appellant was not denied his constitutional right of confrontation and cross-examination. The issue presented is whether the court erred in refusing to allow appellant's counsel to question the officer about a collateral matter in an effort to impeach and discredit the officer's testimony.

The collateral matter is that on December 8, 1975, the officer had filed a false report about another officer in a vice undercover operation. The officer had said he did not hear a gun shot when in fact he did. As a result of making the false report the officer was suspended without pay for fifteen days and transferred from the vice squad to the traffic section.

Since the officer's testimony was the only incriminating evidence against the appellant, the appellant argues that he should have been allowed to show that the officer had been suspended and why he had been suspended as bearing on the accuracy and truthfulness of his testimony. Appellant further argues that this evidence was admissible to support an inference that the officer was in a position where he might be pressured to obtain a conviction in order to curry favor with his superiors and enhance his police career. The appellant cites numerous authorities including *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975); *United States v. Fowler,* 151 U.S.App.D.C. 79, 465 F.2d 664 (1972); *Evans v. State,* 550 P.2d 830 (Alaska 1976).

The State had filed a motion in limine requesting the court to exclude the evidence relating to the officer's suspension. This motion was granted by the court prior to trial. However, during the trial, out of the presence of the jury, the court gave appellant's counsel an opportunity to offer this evidence. The court told appellant's counsel that if before the end of the trial they could produce authority to show that this evidence was admissible, it would be admitted. The record does not reflect that counsel's position was supported by authority. The only evidence offered for the bill of exceptions was the testimony of the police officer in which the evidence involving his suspension was elicited. No extrinsic evidence relating to the officer's suspension was offered.

Great latitude should be allowed the accused to show a witness' bias or motive to falsify his testimony. *Blair v. State,* 511 S.W.2d 277 (Tex.Cr.App.1974); *Seal v. State,* 496 S.W.2d 621 (Tex.Cr.App.1973); *Hooper v. State,* 494 S.W.2d 846 (Tex.Cr.App.1973); *Burkhalter v. State,* 493 S.W.2d 214 (Tex.Cr.App.1973); *Kohler v. State,* 490 S.W.2d 592 (Tex.Cr.App.1973); *Wood v. State,* 486 S.W.2d 359 (Tex.Cr.App.1972). However, trial courts have considerable discretion as to how and when bias may be proved and as to what collateral evidence is material for that purpose. *United States v. Robinson,* 174 U.S.App.D.C. 224, 530 F.2d 1076 (1976); *United States v. McCann,* 465 F.2d 147 (5th Cir. 1972); *Nutter v. United States,* 412 F.2d 178 (9th Cir. 1969), cert. denied, 397 U.S. 927, 90 S.Ct. 935, 25 L.Ed.2d 107; *United States v. Higgins,* 362 F.2d 462 (7th Cir. 1966), cert. denied, 385 U.S. 945, 87 S.Ct. 316, 17 L.Ed.2d 224; cf. *Aetna Insurance Co. v. Paddock,* 301 F.2d 807 (5th Cir. 1962).

The extent to which a witness may be cross-examined for the purpose of showing bias on a collateral matter rests on the sound discretion of the trial judge. *Howell v. American Livestock Insurance Co.,* 483 F.2d 1354 (5th Cir. 1973); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1930). The trial judge must

balance the probative value of the evidence sought to be introduced against the risk its admission may entail. The potential risks include the possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of mis-leading or confusing a jury, and the possibility of undue delay or waste of time. *Howell v. American Livestock Insurance Co.,* supra; *United States v. 412.93 Acres of Land,* 455 F.2d 1242 (3rd Cir. 1972). Cf. Rules 403 and 608(b), Federal Rules of Evidence.

█ It is far from clear that the testimony elicited from the witness for the bill of exceptions would have discredited the officer. The officer filed the charges swearing that the appellant committed the offense prior to the events which led to the officer's suspension. When the charges were filed the officer was not trying to redeem himself or to curry favor with his superiors as a result of a matter for which he was suspended. The officer's testimony supported the charge he filed. It is, therefore, very speculative to say that his testimony concerning this alleged offense was any different than it would have been if he had not been suspended.

Recently we held that a trial court did not err in refusing to admit evidence that the principal witness, who was the complainant in a robbery case, had been discharged from his employment six months after the robbery because a bag of money for which he was responsible disappeared and he failed a polygraph test. This evidence had been offered to show bias of the witness and a motive for fabricating his testimony in accusing another for loss of money for which the witness was responsible. *Smith v. State,* 516 S.W.2d 415 (Tex. Cr.App.1974).

While the trial judge in his discretion may have admitted the evidence in the instant case to show a possible bias of the officer, we do not find that he abused his discretion in refusing to admit the evidence.

The judgment is affirmed.

PHILLIPS, Judge, dissenting on appellant's motion for leave to file motion for rehearing.

The majority denies appellant's motion for leave to file motion for rehearing. On original submission, this Court held that the appellant was not entitled to cross-examine a police officer concerning his suspension without pay from the Police Department for falsifying a report. On appellant's motion for leave to file motion for rehearing, he urges reconsideration of the original opinion. After studied consideration, I agree with appellant's contention and would grant his motion.

The State's evidence at trial concerning the offense was provided by Officer T. Q. Akins, a Dallas police officer. Prior to trial, the State filed a motion in limine to prevent the appellant from referring to any acts of discipline, including interdepartmental transfers, concerning Officer Akins and several other officers, which motion was granted. At trial, the appellant developed on a bill of exceptions that Officer Akins, three and a half months before trial, had filed a false report concerning another officer in the vice squad. Officer Akins was subsequently suspended without pay for 15 days and transferred to the Traffic Division as a disciplinary matter.

The appellant sought to show by this proffered evidence that Akins was in a position after this disciplinary action where he sought to redeem himself in the eyes of his superiors and may have colored his testimony in order to establish a good record. Appellant argued he was entitled to show the disciplined officer's testimony may have been motivated by his desire to "work himself back into the good graces" of his superiors.

This Court has most recently and most thoroughly discussed this issue raised by appellant in *Castro v. State,* 562 S.W.2d 252, a case we failed to cite in our original opinion. In *Castro,* we stated:

"As this Court has stated many times, great latitude should be allowed a defendant in showing *any* fact which would tend to establish ill feelings, bias, motive

and animus upon the part of any witness testifying against him. *Jackson v. State,* 552 S.W.2d 798 (Tex.Cr.App.1977); *Robinson v. State,* 550 S.W.2d 54 (Tex.Cr.App.1977); *Simmons v. State,* 548 S.W.2d 386 (Tex.Cr.App.1977); *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975); *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App.1974); *Blair v. State,* 511 S.W.2d 277 (Tex.Cr.App.1974).

In *Blair v. State,* supra, we stated that any possible malice, bias or prejudice towards the defendant on the part of the witness is admissible to attack his credibility and to lay the groundwork for possible impeachment. The motives which operate on the mind of a witness when he testifies are never regarded as immaterial or collateral matters [footnote omitted]. The defendant may prove facts 'which tend to show bias, interest, prejudice or any other mental state or status which fairly construed might tend to affect his credibility.' See 1 Branch's Ann.P.C. 2d Ed. Sec. 185.

\* \* \* \* \* \*

. . . By presenting evidence to the jury that, while Rhoades [key prosecution witness] had participated in some criminal offense and had been arrested for robbery and murder and indicted for theft, but that those charges were no longer pending against him, appellant sought to show that Rhoades had some interest and motive in testifying for the State. The inference that the jury *could* have drawn was that Rhoades had a personal interest in helping the prosecution prove its cases against appellant and, therefore, may have been an unreliable witness. While the jury may have chosen to reject such an inference, especially since Rhoades denied that he was testifying for the State because of his vulnerable status, this evidence was nevertheless admissible and appellant should have been permitted to prove these facts. [citations omitted]"

In the instant case, the inference the jury could have drawn was that Akins' testimony was prompted by his desire to promote his own career and his testimony was slanted in an attempt to obtain a conviction and

get his floundering career back on course. As we stated in *Castro,* the jury may well have chosen to reject any such inference, and yet, this evidence should have been admitted.

It is fundamental that a primary interest of the Sixth Amendment right to confrontation is the right of cross-examination. As stated by the United States Supreme Court in *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974):

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i. e., discredit, the witness. . . . A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.' 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). *We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Greene v. McElroy,* 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959). (emphasis added)

\* \* \* \* \* \*

We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judg-

ment as to the weight to place on Green's testimony . . . . .

\* \* \* \* \* \*

. . . On these facts it seems clear to us that to make any such inquiry effective, defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. . . ."

I reiterate the holding in the original opinion that cross-examination is subject to the discretion of the trial court. As noted in *Davis,* that discretion is to "preclude repetitive and unduly harassing interrogation." As earlier stated by the United States Supreme Court in *Alford v. U. S.,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1930):

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. [citations omitted] But no obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted invasion of his constitutional protection from self incrimination, properly invoked. There is a duty to protect him from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him. [citations omitted] But no such case is presented here. The trial court cut off in limine all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion and prejudicial error."

In the instant case, we should hold that the appellant was entitled to explore Officer Akins' possible bias or motive for testifying against the appellant. Having failed to allow the appellant to delve into this matter deprived him of his right to reasonable cross-examination.

Appellant's motion for rehearing should be granted and the judgment reversed.