NUMBER 13-10-00491-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CONRADO VELA III,                                                                     Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 156th
District Court 

of Bee County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes   

Memorandum Opinion by
Justice Perkes 

 

            Appellant,
Conrado Vela III, appeals his conviction for one count of aggravated kidnapping,
a first-degree felony, and one count of unauthorized use of a motor vehicle, a
state-jail felony.  See Tex. Penal
Code Ann. §§ 20.04, 31.07 (West 2003).  A jury found appellant guilty
and sentenced him to fifty years of confinement in the Texas Department of
Criminal Justice, Institutional Division, for aggravated kidnapping and two
years of confinement for unauthorized use of a motor vehicle.  The sentences are
to run concurrently.  

By
one issue, appellant argues the trial court abused its discretion by allowing
the State to introduce testimony about extraneous offenses committed against two
other victims.[1] 
The testimony was elicited during the State’s redirect examination of its
witness, Amanda Zamora.  We affirm.

I.  FACTUAL
AND PROCEDURAL BACKGROUND

On or about March 15, 2009, Kimberly
Garcia, appellant’s then-girlfriend (complainant), was visiting appellant from
Abilene, Texas.  Appellant and Garcia had known each other for about three
weeks.  During her trip, they went to a party together in Beeville, Texas.  At
the party, Garcia sat on a couch underneath a blanket because she was cold. 
Appellant told Garcia, “Let’s go,” and Garcia followed appellant outside to Garcia’s
truck.  As they walked to the truck, appellant called Garcia a rude name and
accused her of rubbing her leg on another man’s leg, apparently while seated
under the blanket.  Garcia denied this allegation.  

Garcia told appellant she was going to
return home to Abilene, but appellant asked her for a ride to his mother’s
house.  She agreed to let him drive her truck, but once inside, appellant
started hitting her and cursing at her.  Garcia testified appellant told her he
would drive her to a remote place and kill her, and that afterwards he would
have someone kill her children.  Garcia knew appellant was a gang member and
that he had a gang tattoo.  

Appellant broke Garcia’s cell phone when
she tried to call the police.  Garcia testified that on her third attempt to
escape from the truck, she jumped out of it while it was traveling at forty miles
per hour.  Appellant ripped Garcia’s shirt as he pulled it to try to prevent
her from escaping.  Garcia was bloodied as a result.  The shirt was admitted into
evidence at trial.  Garcia ran to the nearest house, and the occupants called
9-1-1.  Garcia testified she suffered permanent injury.  

On the day after the incident, Garcia recanted
and asked police to drop any charges because appellant told her to do so.  Later
that weekend, she and appellant drove to Abilene where he stayed with her for
ten days.  Garcia subsequently wrote appellant a love letter.   

A.  
 Direct and Cross Examination of Zamora

During the guilt-innocence phase of
trial, the State called Amanda Zamora as a witness.  Zamora was another former
girlfriend.  Zamora testified she dated appellant from June 2009 until October
2009.  She terminated the relationship after appellant told her that he accused
Garcia of rubbing someone’s leg, that appellant hit Garcia inside the truck,
and that appellant did not let her get out of the truck, thereby forcing Garcia
to jump out of the truck to escape.  Zamora testified appellant told her that
he tried to run over Garcia after she exited the truck.  

On cross-examination, Zamora testified
appellant made the statement about Garcia around October 27, 2009, but that she
did not report it to the police at that time and did not e-mail Garcia about
the incident until May 2010.  Defense counsel confirmed on cross-examination
that more than six months passed before Zamora e-mailed Garcia.  Defense
counsel then asked if Zamora had any other contact with Garcia.  Zamora
answered:  only one e-mail, some five to ten telephone conversations, and about
three meetings.  The first meeting was about two days before trial and lasted
an hour.  The other two meetings were in the witness room at the courthouse.  

B.  
 The Disputed Testimony – Redirect Examination of Zamora 

After a bench conference outside the
hearing of the jury, the State asked Zamora why she contacted Garcia in May
2010.  Zamora testified that she decided to contact Garcia after learning in
March 2010 of an incident involving appellant and another woman.  Zamora did
not elaborate on what happened between appellant and the other woman.  She
explained that after learning about the other incident, she contacted Garcia
because she felt she needed to “put a stop to it,” for Garcia’s sake and her
own.  

Zamora testified appellant held her
against her will and beat her in October, 2009.  Appellant slapped, punched,
and kneed her day and night, and in the course of doing so, told her that he
could get away with it because “he had done it before.”  Zamora testified that appellant
told her what he had done to Garcia.  Zamora contacted the district attorney’s
office in March 2010, and told them about her own case and in May 2010, she encouraged
Garcia to report her incident to the district attorney.  Garcia came forward as
a result of Zamora’s encouragement.

II.    STANDARD OF REVIEW and discussion

            Appellant argues the trial court erred by
admitting Zamora’s testimony about the other woman and by allowing Zamora to
testify regarding the context in which appellant admitted to her the aggravated
kidnapping of Garcia.  Appellant argues this evidence was inadmissible extraneous-offense
evidence under Texas Rules of Evidence 401 (definition of relevant evidence),
402 (admissibility of relevant evidence), 403 (exclusion of relevant evidence),
and 404(b) (inadmissibility of other wrongs to show character).  See Tex. R. Evid. 401–03; 404(b).  A trial
court’s ruling on the admissibility of evidence is reviewed under an abuse-of-discretion
standard.  Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If
the trial court's ruling was within the zone of reasonable disagreement, there
is no abuse of discretion.  Id.  Rarely should the trial court’s
decision be reversed and only after a clear abuse of discretion.  Id.   

A.  
 Preservation of Error

            At oral argument, the State argued appellant
only made a rule 403 objection at trial and therefore appellant’s rule 404(b)
and relevance complaints have not been preserved for our review.  We find
appellant raised the relevance complaint in the trial court, but agree with the
State as to appellant’s rule 404(b) complaint.  Appellant’s complaint under
Texas Rule of Evidence 404(b) was not made in the trial court and thus has not
been preserved for review.  See Tex.
R. App. P. 33.1(a); Medina v. State, 7 S.W.3d 633, 644 (Tex.
Crim. App. 1999) (holding relevancy objection does not preserve error
concerning a rule 404 extraneous-offense claim); Camacho v. State, 864
S.W.2d 524, 533 (Tex. Crim. App. 1993) (same). 

            Twice, appellant’s trial counsel objected on
relevance grounds before the extraneous-offense evidence was admitted.  At the
conclusion of the bench conference concerning the admissibility of the extraneous-offense
testimony, trial counsel asked for a running objection that incorporated “all
the arguments that we just made on the record.”  After clarifying the running
objection would include “all the extraneous offenses,” the trial court granted
trial counsel’s request for the running objection.  Having carefully reviewed
the record, we conclude appellant raised a timely relevance objection to the
admission of the extraneous-offense evidence in the trial court and therefore
the complaint is preserved for our review.  See Haley v. State, 173
S.W.3d 510, 515–17 (Tex. Crim. App. 2005) (discussing preservation of error for
appellate review); Ethington v. State, 819 S.W.2d 854, 858–9 (Tex. Crim.
App. 1991) (discussing use of running objections to preserve error).    

B.  
 Relevance Analysis

            Appellant argues Zamora’s testimony about an
incident involving a third victim and appellant’s abuse of Zamora was
irrelevant.  We disagree.  

Texas
Rule of Evidence 402 provides:  “All relevant evidence is admissible, except as
otherwise provided by Constitution, by statute, by these rules, or by other
rules prescribed pursuant to statutory authority.  Evidence which is not
relevant is inadmissible.”  Evidence is relevant if it has any tendency to make
the existence of any fact that is of consequence to the determination of the
action more or less probable than it would be without the evidence.  Tex. R. Evid. 401; Hudson v. State, 112
S.W.3d 794, 800 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (citing Montgomery
v. State, 810 S.W.2d 372, 386 (Tex. Crim. App. 1990) (op. on reh’g)).  Relevance
is not an inherent characteristic of any item of evidence, but exists only as
that item of evidence relates to a matter properly provable in a case.  Hudson,
112 S.W.3d at 800.  Also, evidence need not prove or disprove a particular fact
to be relevant; it is sufficient if the evidence provides a “small nudge”
towards proving or disproving a fact of consequence.  Id.  A witness’s
motive in providing testimony is never immaterial or collateral.  Castillo
v. State, 939 S.W.2d 754, 758 (Tex. App.—Houston [14th Dist.] 1997,
pet. ref’d) (citing Hooper v. State, 494 S.W.2d 846, 848 n.1 (Tex. Crim.
App. 1973)).

Appellant’s
statements to Zamora admitting what he had done to the complainant, Garcia,
were an admission by appellant of the offenses for which appellant was on
trial.  See Tex. R. Evid. 801(e)(2)
(setting forth that admissions by a party opponent are not hearsay).  Whether
appellant actually made the admission was a fact of consequence in determining
the case against appellant.  Appellant’s cross-examination of Zamora undermined
Zamora’s claim that appellant made the admission to her in October 2009,
because she did not act on the admission until March and May 2010.  The
cross-examination of Zamora also suggested Zamora testified about the admission
because of a relationship she had established with Garcia.  Thus, the
extraneous-offense evidence was relevant to show Zamora’s motive in testifying
at trial and why she only acted on appellant’s admission many months after he
made the admission.  See Castillo, 939 S.W.2d at 758.

The
evidence concerning the extraneous offenses was also relevant in proving
appellant’s admission of the offenses against Garcia because it rebutted
appellant’s theory of the case.  Extraneous-offense evidence is relevant if it
rebuts a defensive theory.  Id.; see also Bargas v. State,
252 S.W.3d 876, 890–91 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (discussing
relevance of extraneous-offense evidence offered for non-character purposes in
the context of Rule 404(b)).  Appellant’s theory of the case, as expressed in
opening statement and cross examination, was that Garcia’s claims at trial were
exaggerated and that appellant and Garcia simply argued or, at most, appellant
committed a far less serious offense such as simple assault, “terroristic
threat,” unauthorized use of a motor vehicle and/or unlawful restraint.  In defense
counsel’s opening statement and cross-examination of Garcia, she emphasized
Garcia dropped her charges against appellant the day after the alleged
offenses.  During cross-examination, defense counsel elicited testimony from
Garcia that she recanted her allegations against appellant.  Defense counsel
also emphasized that later the same weekend after the aggravated kidnapping,
Garcia traveled in the same truck with appellant to her home in Abilene, where
she stayed with appellant for ten days.  

In defense
counsel’s opening statement, she also told the jury about post-incident “love
letters” and examined Garcia about a love letter she wrote to appellant in
April 2009.  Defense counsel questioned Garcia about why the violence she
described at trial seemed greater than that she first reported to police and
whether she was arguing with appellant at the driver side door of her truck
immediately after the alleged aggravated kidnapping.  In light of the defensive
theory that Garcia was an exaggerating ex-girlfriend who lacked credibility for
not promptly coming forward as a victim, evidence tending to show appellant
admitted the offenses to Zamora was relevant.  See Bass v. State, 270
S.W.3d 557, 563 (Tex. Crim. App. 2008) (holding evidence of extraneous sex
offenses was admissible to rebut defensive theory that complainant’s
accusations were fabricated where complainant made police report more than ten
years after incidents on hearing her cousin was also a victim).  Zamora’s
nominal testimony about learning of a third woman in March 2010 and the context
of appellant’s admission concerning Garcia, was relevant to rebut the defense’s
theory of the case, by showing why Zamora waited several months to come forward
and showing Zamora’s impetus for coming forward about appellant’s admission.        

C.  
Rule 403 Analysis

            Having determined that the extraneous-offense
evidence was relevant, we consider whether it should have been excluded under
Rule 403.  See Tex. R. Evid.
403.  It is a firmly-rooted principle of criminal law that an accused
only be tried for the offense charged and not for being a bad person or a
criminal generally.  See Hudson, 112 S.W.3d at 800.  Although relevant,
evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice, confusion of the issues, misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.  Tex. R. Evid. 403. 


Courts should balance the following
factors under a Rule 403 analysis: (1) the strength of the evidence in making a
fact more or less probable, (2) the potential of the extraneous-offense
evidence to impress the jury in some irrational but indelible
way, (3) the amount of time the proponent needed to develop the evidence, and
(4) the strength of the proponent’s need for this evidence to prove a fact of
consequence.  Bargas, 252 S.W.3d at 892–93 (citing Mozon v.
State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)).  When, as in this case,
the record is silent as to the trial court's balancing of these factors, we
presume the trial court conducted the balancing test.  See id.  

The first factor, the strength of the
evidence to make a fact of consequence more or less probable, weighs strongly
in favor of admissibility.  Appellant’s admission of the offenses for which he
was on trial was significant and the admission was more likely in light of
Zamora’s testimony concerning her motive for finally acting on appellant’s
admission.  The extraneous-offense evidence was probative to rebut appellant’s
theory that Zamora had testified to the admission because of her relationship
with Garcia and that Garcia’s claims were the exaggerations of an
ex-girlfriend.  See id. at 893.  As to the second and third factors,
though there was danger of impressing the jury in an indelible way and Zamora’s
extraneous-offense testimony carried some emotional weight, the trial court
offered appellant a contemporaneous limiting instruction[2]
concerning the purpose of the evidence, and the testimony was very brief and
non-graphic.  In particular, the testimony concerning the third victim was minimal. 
The second and third factors weigh in favor of admissibility of the
extraneous-offense evidence.  See id.  The fourth factor, requiring
balancing the State’s need for such extraneous-offense evidence, also weighs in
favor of admissibility because, as set forth above, proving appellant’s
admission was significant to the State’s case in light of the defense’s portrayal
of the complainant as an exaggerating ex-girlfriend.  See id.  

We conclude the trial court did not
abuse its discretion by overruling appellant’s relevance and rule-403
objections to the extraneous-offense testimony elicited from Zamora on re-direct
examination.  Appellant’s sole issue on appeal is overruled.

III.    Conclusion

            We
affirm the trial court’s judgment.

                                                                                                                                                 

                                                                                         Gregory T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


25th day of August,
2011. 

 









[1]  After filing appellant’s brief and
arguing this case at oral argument, appellant’s court-appointed appellate
counsel filed an unopposed motion to withdraw from representation of appellant
and for appointment of new counsel.  Counsel’s motion was carried with this
case.  We hereby grant counsel’s motion and note the trial court has appointed
substitute appellate counsel.  





[2]  No limiting instruction concerning
the extraneous-offense testimony was given at or near the time Zamora’s
extraneous-offense testimony was received in evidence.  See Tex. R. Evid. 105(a) (limited
admissibility); Hammock v. State, 46 S.W.3d 889, 893–95 (Tex. Crim. App.
2001) (discussing time and procedure for obtaining a limiting instruction). 
The jury charge included a general limiting instruction that any
extraneous-offense testimony could only be considered if it found beyond a
reasonable doubt that appellant committed the extraneous offense and that such
evidence could only be considered in determining appellant’s motive,
opportunity, intent, preparation, plan, or knowledge, if any, in connection
with the charged offense(s).  See Tex.
R. Evid. 404(b).