Anthony George GREENE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01219–CR.

Court of Appeals of Texas, Dallas.

May 19, 1983.

Ted Redington, Dallas, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Asst. Dist. Atty., for appellee.

STEPHENS, Justice.

Anthony George Greene was convicted of murder and assessed fifteen years in the Texas Department of Corrections by a jury. On appeal, he asserts three grounds of error: that he should have been allowed to cross-examine a prosecution witness about a pending misdemeanor charge against her for impeachment purposes; that the prosecutor improperly commented on the appellant's failure to testify; and that the trial court wrongfully restricted his voir dire of the jury panel. We overrule each of these contentions and affirm.

A recitation of the evidence is in order. Greene and the deceased, Mary Ann Williams, had been romantically involved for over a year. The relationship was a stormy one; in August of 1980 Greene was put under a peace bond because of his repeated threats and harassment. In fact he testified that he had threatened her life "quite a few times" and that he had damaged her car on three occasions. His testimony also evidenced his continuous violation of the peace bond, although he denied ever exhibiting any violent or aggressive behavior toward the deceased after being placed under the peace bond.

On the day of the murder, appellant, armed with a pistol, went to the decedent's apartment and rang her door bell. He was admitted to decedent's apartment by a person named William Taylor, who also was a boyfriend of decedent, and who was at the time staying with her. The decedent joined appellant and Taylor and an altercation ensued. Appellant drew his pistol, but dropped it to the floor, and in the struggle between Taylor and appellant for the gun it discharged several times, killing decedent. Taylor's testimony differed somewhat in

that he attributes considerably more aggressiveness to appellant. The State offered the testimony of a witness named Renee Harper, with whom the decedent worked, and who had known the decedent for about two years before the shooting. She testified that the decedent had received constant telephone calls from appellant prior to the day of the shooting, although decedent had told the office staff not to accept any calls from the appellant. She testified that on the day of the incident appellant called between ten and fifteen times, and that the decedent appeared nervous and withdrawn that day.

The State offered testimony of its medical examiner that decedent was hit by three bullets. He described the approximate distance of the gun from the victim when it was fired and the indicated path of two of the bullets. In his first ground of error, Greene contends that the trial court erred in refusing to allow him to cross-examine Esther Randall, a prosecution witness, about a misdemeanor charge pending against her at the time of her testimony. Randall testified that she had known the decedent for twelve or thirteen years before her death. She also knew appellant, and testified as to two incidents in February 1981, about four months before the shooting, when she was in a car with decedent and appellant approached the car and attempted to talk to decedent. She testified that on both occasions the decedent got out of the car and that on one of these occasions appellant cut the straps to decedent's purse, and on the other occasion he cut her coat down the side. This testimony contradicted appellant's prior testimony that he had not cut her coat nor the straps on her purse.

On cross-examination appellant's attorney asked the witness if she would say anything the prosecutor wanted her to say. Although the court sustained the State's objection, the witness answered no. Both sides then rested and Greene perfected a bill of exceptions for the record. He established that Randall stood charged with passing a worthless check of $15.00 to $20.00. He also established that she had received

notice of this charge through the mail and that she had been due in court the preceding day, but had not appeared, and that she assumed the case was still pending. On cross-examination the State's attorney asked her if he had offered to dismiss her case in exchange for her testimony. She answered no. The prosecutor then testified that he had offered her no leniency in return for her testimony.

The only reference made to Esther Randall's testimony by the prosecutor was in his summation to the jury at the guilt or innocence stage of the trial. He told the jury that they could consider her testimony in determining appellant's state of mind on the afternoon of the shooting. With the abundance of testimony as to what occurred on the day of the shooting from appellant himself and the witness Taylor, who were both present, and from the medical examiner, who reconstructed the paths of the bullets in the body of decedent, together with two eye witnesses who saw appellant flee the decedent's apartment in pursuit of Taylor while firing at him, it is difficult to conceive that Esther Randall's testimony relative to two isolated events, totally unrelated to the killing, which occurred about four months before the shooting, could have aided the jury in its determination of whether appellant fired the pistol which killed the decedent.

It has long been held that the defendant should be allowed great latitude in showing any fact which would tend to establish ill feelings, bias, motive and animus upon the part of any witness testifying against him. *Castro v. State,* 562 S.W.2d 252 (Tex.Cr. App.1978) (*en banc*). In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court held that a defendant was denied his sixth amendment right of effective cross-examination when he was prevented from making a record from which to argue that the witness might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial. *Id.* at 318, 94 S.Ct. at 1111.

Nevertheless, it has consistently been held that the admission or exclusion of collateral evidence to show bias, motive and animus of the witness, lies within the discretion of the trial court. *Rovinsky v. State,* 605 S.W.2d 578, 580 (Tex.Cr.App. 1980); *Chvojka v. State,* 582 S.W.2d 828, 831 (Tex.Cr.App.1979); *Cloud v. State,* 567 S.W.2d 801, 802 (Tex.Cr.App.1978); *Smith v. State,* 516 S.W.2d 415, 419–20 (Tex.Cr. App.1974). Consequently, to reverse, we must find that the trial court's refusal to allow appellant's cross-examination of the State's witness Esther Randall constituted an abuse of its discretion. If we determine that the denial of the right of cross-examination was harmless beyond a reasonable doubt, then it follows of necessity that no abuse of discretion has been shown.

█ The fact that there is a charge pending against the witness does not, in and of itself, show bias or motive, but is only a circumstance from which bias or motive can be inferred. There must be, in addition to the pending charge, other surrounding circumstances from which bias or motive can reasonably and palpably be inferred. *Mutscher v. State,* 514 S.W.2d 905, 921 (Tex.Cr.App.1974). See also Tex.Code Crim.Proc.Ann. art. 38.29 (Vernon 1979). In *Davis* and *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975), the witness was concerned that he might be a possible suspect in the case in which he was testifying. Also in *Evans* a pattern had been established in which it was shown that the trial of the witness on the pending indictment had been repeatedly postponed until after the case in which he was testifying. In *Castro v. State,* 562 S.W.2d 252 (Tex.Cr.App.1978) (en banc) and *Burkhalter v. State,* 493 S.W.2d 214 (Tex.Cr.App.1973) the witness was a co-indictee of the defendant who was promised that the charges would be dropped in exchange for his testimony.

Our examination of the record in the present case reveals no such additional circumstances from which bias or motive could reasonably be inferred. Furthermore, the witness was not crucial to the State's case in chief; therefore *Davis* is distinguishable on that ground as well. *See Mutscher,* 514 S.W.2d at 921.

█ We conclude that despite the general language of the cases as to the wide latitude to be afforded a defendant in developing bias, animus, or motive on the part of a witness for impeachment purposes, the testimony of the witness must be, if not vital, at least material to defendant's conviction, and the excluded evidence, when coupled with other circumstances, must be of such significance to justify an inference by the jury that the witness might, because of it, be willing to commit perjury. This determination, of necessity lies within the discretion of the trial judge, and absent a clear showing of abuse, his decision must stand. For these reasons, we hold that the circumstances are too incidental for a reasonable inference of bias or motive, and the trial court did not abuse its discretion in denying Greene the right to cross-examine the witness as to her pending case in an attempt to impeach her testimony. Appellant's ground of error number one is overruled.

Greene's second ground of error contends that the prosecutor's argument constituted a comment on his silence at the time of arrest, and that the trial court erroneously overruled his objection to that argument. We disagree. The argument complained of went as follows:

> (prosecutor): . . . Did he call the police? Did he tell the police that—there's no testimony that he told the police that it was an accident. Did he call an ambulance? If it was an accident, why didn't you call an ambulance, Anthony? Did you tell the police that? No.
> (defense counsel): Your Honor, I object to that line of questioning; it's a comment on the Defendant's silence.
> The court: Overruled.

█ Initially, we conclude that the objection stated was not sufficiently specific to preserve error. A defendant's post-arrest silence may not be used to impeach his trial testimony, *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), whereas

the defendant's pre-arrest silence may be so used. *See Weir v. Fletcher,* 658 F.2d 1126 (6th Cir.1981). Neither the argument nor the objection clearly indicates a time frame of reference. Nevertheless, had the objection been sufficient, we find no error. The prosecutor's argument constituted a reasonable deduction from the defendant's own testimony, which is permissible in the absence of any overriding constitutional concerns. *See Ayers v. State,* 606 S.W.2d 936, 939 (Tex.Cr.App.1980). Greene asserts that *Doyle* held that it is a denial of due process to allow a defendant's silence at the time of his arrest to be used to impeach an exculpatory story proffered for the first time at trial. In the present case, Greene did not claim at trial that he called an ambulance. In fact, Greene went into great detail as to his actions following the shooting. He did not say that he called an ambulance; therefore, it is a reasonable deduction that he did not. The prosecutor's argument was a reasonable deduction from the evidence. Appellant's second ground of error is overruled.

In his third ground of error, Greene contends that the trial court erred in restricting his voir dire of the jury by not allowing his counsel to question the panel on the flight of the defendant. We disagree. The record shows that flight was not an issue in the case. Greene left the scene of the crime, but then called his lawyer in order to surrender himself to the authorities. No error is shown. Appellant's third ground of error is overruled.

*Affirmed.*

GUITTARD, C.J., and AKIN, CARVER, STOREY, SPARLING, ALLEN and STEWART, JJ., join in the majority.

MALONEY, J., concurs in the result.

WHITHAM, Justice, dissenting.

I respectfully dissent. In my view the trial court erred in refusing to allow appellant to cross-examine a State's witness about a misdemeanor charge of passing a worthless check. Accordingly, I would sustain appellant's first ground of error and reverse and remand. .

The love affair between appellant and the deceased ended when appellant shot her to death on June 7, 1981. Exactly when appellant began to exhibit violent or aggressive behavior towards the deceased became a principal issue at trial. The State sought to prove that appellant's aggressive behavior towards deceased began in February of 1981. The State, in its cross-examination of appellant, was very persistent in questioning appellant about aggressive or violent behavior towards the deceased in February of 1981. On at least two occasions, the State was careful to elicit denials of such behavior. *In rebuttal,* the State called Esther Randall to testify to occasions in February of 1981 when the appellant acted violently towards the deceased. The prosecutor in his closing argument stressed the significance of the contradiction. Appellant sought to cross-examine witness Randall and impeach her by showing that she had a misdemeanor charge of passing a worthless check pending against her at the time of her testimony. The court precluded appellant from this line of cross-examination.

Thus, in the present case the trial court refused to allow the accused to show bias and motive on the part of an important witness whose testimony contributed vital information not already before the jury. *See Mutscher v. State,* 514 S.W.2d 905 (Tex. Cr.App.1974). In my view the trial court erred in refusing to allow appellant to show bias and motive on the part of this rebuttal witness. In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court of the United States held that a defendant's right to cross-examination is paramount to a State's statutory scheme which would limit that right by restricting an accused's cross-examination of a key State witness. Although Tex.Code Crim.Pro.Ann. art. 38.29 (Vernon 1979) prohibits impeachment of a witness by the use of a pending charge which has not resulted in conviction, that statute must give way to an accused's right to cross-examination in an area which would show any fact tending

to establish ill feelings, bias, motive and animus on the part of any witness testifying against him. *Simmons v. State,* 548 S.W.2d 386 (Tex.Cr.App.1977); *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975). In *Evans v. State, supra,* the court reversed a murder conviction because the trial court refused to allow the defendant to show for the purpose of establishing interest, bias and motive that a State's key witness was under felony indictment at the time of his testimony. In *Castro v. State,* 562 S.W.2d 252, 256 (Tex.Cr.App.1978) (*en banc*), the court pointed out that it has stated many times that "great latitude should be allowed a defendant in showing *any* fact which would tend to establish ill feelings, bias, motive and animus on the part of any witness testifying against him," citing *Jackson v. State,* 552 S.W.2d 798 (Tex.Cr.App.1976); *Robinson v. State,* 550 S.W.2d 54 (Tex.Cr.App.1977); *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App.1974); and *Blair v. State,* 511 S.W.2d 277 (Tex.Cr.App.1974).

In the present case the district attorney of Dallas County had the responsibility for the prosecution of both appellant and the witness Randall. Appellant sought to cross-examine witness Randall about the criminal charge pending against her for the purpose of showing bias and motive on her part to testify for the prosecution in appellant's case. It was important for appellant to show the jury that Randall's damaging testimony could be tainted by the possibility that in exchange for her favorable testimony for the State she might expect, or have some hope of, leniency from the prosecution in the charge pending against her. I would hold that in the present case the trial court erred in refusing to allow appellant to cross-examine a State's witness about the criminal charge pending against her. Moreover, I cannot agree that the error in refusing to allow appellant to cross-examine witness Randall on this point was harmless to appellant. Great significance was attached to her testimony by the prosecutor. She was the prosecution's only rebuttal witness and her testimony served to contradict appellant's emphatic denials of any violent behavior towards the deceased after a peace bond was issued. Further, the prosecutor's comments in closing argument about Randall's testimony emphasized its damaging nature.

The majority fails to tell us that witness Randall was called as the sole rebuttal witness. The State saved witness Randall for rebuttal for the purpose of identifying appellant as a liar. I simply cannot agree that an accused has not been harmed when denied the right to show bias and motive on the part of a sole rebuttal witness used for this purpose by the State. I would hold that appellant had the right to pursue the line of cross-examination in question and that it was reversible error for the trial court to preclude appellant from this line of cross-examination.

GUILLOT, ROWE and VANCE, JJ., join in this dissent.