

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00088-CR

SCOTT EVERETT SHINE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F-9048

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Scott Everett Shine was convicted of engaging in the organized criminal activity of delivery of a controlled substance, methamphetamine, enhanced by two prior convictions (to which he pled true).[1] On his conviction and with the enhancements, Shine was sentenced to life imprisonment. Shine appeals the trial court's judgment, contending that the trial court erred in limiting Shine's cross-examination of one of the State's law enforcement witnesses. We find no abuse of discretion in the trial court's ruling and overrule Shine's singular point of error.[2]

Shine's sole appellate complaint is that the trial court erroneously limited Shine's cross-examination of Texas Department of Public Safety Special Agent Danny Kelly. Shine tried to elicit testimony from Kelly that when he procured an arrest warrant for Shine, the arrest was simply for delivery of methamphetamine, a controlled substance, and not for engaging in organized criminal activity, the offense for which Shine was indicted and convicted.

The United States Constitution's Confrontation Clause[3] includes the right of an accused to cross-examine witnesses. "This right is not unqualified, however; the trial judge has wide discretion in limiting the scope and extent of cross-examination. Generally, the right to present

---

[1]The primary charges were made pursuant to Section 481.112 of the Texas Health and Safety Code and Section 71.02 of the Texas Penal Code. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010); TEX. PENAL CODE ANN. § 71.02 (West Supp. 2016). The enhancement was made pursuant to Section 12.42(d) of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

[2]Shine was tried on three indictments, all alleging the same crime; each case alleged engaging in criminal activity based on sales of methamphetamine on different dates. He was convicted in all three cases, and he appeals all three in a solitary brief. We address the remaining two appeals, which both bring the same point of error, in our opinions issued on even date herewith, in cause numbers 06-16-00089-CR and 06-16-00090-CR. The State did not deign to file a brief in these cases.

[3]*See* U.S. CONST. amend. VI.

evidence and to cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidentiary rules." *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009) (footnotes omitted). However, it must be noted that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam).

Complaints about limits on cross-examination usually arise in situations where one party is alleging bias or an improper motive on the part of the witness. *See, e.g.*, *Davis v. Alaska*, 415 U.S. 308 (1974); *Irby v. State*, 327 S.W.3d 138 (Tex. Crim. App. 2010); *Greene v. State*, 651 S.W.2d 948 (Tex. App.—Dallas 1983), *aff'd*, 676 S.W.2d 359 (Tex. Crim. App. 1984). Here, Shine wanted to question Kelly about the offense alleged in the arrest warrant that Kelly had prepared. After the trial court sustained the State's objection to this line of questioning (on the basis that Shine had not shown how such testimony was relevant and that the court thought "it tends to confuse a jury in this case"), Shine made an offer of proof wherein Kelly said the arrest warrants for the three offenses were "delivery warrants based on the hand-to-hand sales transaction between" the cooperating individual working for law enforcement and Shine. However, when Shine asked whether it was true that these arrest warrants contained no "allegations . . . of dealing

with an organization combination," Kelly answered, "Not -- not in the warrants. In the investigation, yes."

Shine has not explained how testimony from Kelly to the effect that Shine had initially been arrested for delivery of methamphetamine is either relevant to Shine's defense or that it shows any bias or improper motive in Kelly's testimony. Shine argues that the evidence of arrest for manufacture of methamphetamine would show he was guilty only of the lesser offense of delivery of a controlled substance and that this would counter evidence that Shine was guilty of engaging in organized criminal activity. We do not find this argument convincing. Proof of delivery was necessary to prove that Shine was engaging in organized criminal activity. In order for Shine to show that there was an improper limitation of cross-examination, he must show that the excluded testimony goes to the "heart of the defense." *Potier v. State*, 68 S.W.3d 657, 664 (Tex. Crim. App. 2002) (quoting *DePetris v. Kuykendall*, 239 F.3d 1057, 1062–63 (9th Cir. 2001)). The charge listed in the arrest warrant was not dispositive or critical to Shine's defense: the charge shown on the arrest warrant is not evidence that Shine only committed delivery; rather, the delivery is only a part of the State's proof that Shine was engaging in an organization or combination to commit the crime of delivery of a controlled substance.

Exclusion of a defendant's evidence (such as limiting cross-examination) amounts to "constitutional error only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Id.* at 665. Indeed, "not every erroneous exclusion of a defendant's evidence amounts to a constitutional violation." *Id*. at 659. The trial court has discretion to limit inappropriate cross-examination. *Carroll v. State*, 916

4

S.W.2d 494, 498 (Tex. Crim. App. 1996) (citing *Van Arsdall*, 475 U.S. at 682). Additionally, "[w]e review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard." *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007).

We find the *Potier* case instructive here.[4] In it, Potier was allowed to testify that two months before he shot the victim, the victim had beaten, robbed, pistol-whipped, and attempted to shoot Potier. He further testified (1) that "everybody was scared of the victim because he would beat up on everybody, that he had seen the victim beat up two or three people, and that he had heard about others," (2) that Potier had received death threats and stayed at a hotel the night before the shooting, and (3) that on the day of the shooting, "the victim cursed at him, told him he was going to kill him, and started approaching him while reaching into his pants where the appellant thought there was a gun." *Potier*, 68 S.W.3d at 665. A police officer corroborated Potier's appearance and description of events after responding to the scene. Another witness, the victim's niece said that she dated Potier and had heard the victim tell Potier he would fight Potier if he mistreated the niece, and that she had seen the victim give Potier "a pretty good whipping." *Id*. She further said the victim was angry because Potier "wanted to sell crack cocaine out of her grandmother's yard." *Id*. Potier testified that he had been staying at a hotel the night before he shot the victim because Potier was afraid of him and because he had been receiving death threats. Potier "told the jury that when he encountered the victim that day, the victim cursed at him, told

---

[4]To be clear, at issue in *Potier* was the standard of review for harm, not whether the excluded evidence should indeed have been admitted. The Court of Criminal Appeals accepted the Court of Appeals' finding that "the trial court had erroneously excluded the evidence of the rumors in the community that were relayed to the appellant on the day of the shooting . . . ." *Potier*, 68 S.W.3d at 658.

him he was going to kill him, and started approaching him while reaching into his pants where the appellant thought there was a gun." *Id*. At this point, Potier shot the victim.

Potier claimed error where the trial court did not allow him to present evidence that "'the whole neighborhood' told him that the victim had come looking for him," that one neighbor specifically told Potier that "the victim had been looking for him and she had heard that the victim was trying to kill him," and that before the victim robbed Potier two months prior to the shooting, a friend of Potier's told him he would be robbed. He further complained that the trial court restricted evidence of what the victim and his accomplices purportedly said during the robbery of Potier and that one neighbor (possibly the same as that mentioned earlier) was not allowed to testify that she had heard rumors that a person with the victim's nickname "was looking for [Potier] and wanted his money and was out to hurt [Potier]." *Id*. at 666.

The Texas Court of Criminal Appeals found that although the above "excluded evidence was relevant to the defense of self-defense, . . . that . . . exclusion did not prevent [Potier] from presenting a defense" and, therefore, "was not of constitutional dimension." *Id*.

Here, we feel confident that the trial court's exclusion of testimony from Kelly about the content of the arrest warrant was within that court's discretion to exclude. It is impossible for us to perceive that testimony from Kelly that Shine was arrested for delivery of methamphetamine (as opposed to arresting him for participation in organized criminal activity) would have aided Shine in disproving his guilt of the charged offense. Rather, proof of Shine's delivery of methamphetamine was a necessary piece of the proof that he and his confederates had acted in concert, in combination, or conspiracy to commit the offense of delivery of methamphetamine. In

terms conducive to the analysis in *Potier*, the excluded evidence here did not effectively deny

Shine the ability to present a defense nor have a "drastic effect" on the jury's verdict. *Id.* at 665.[5]

Further, the decision to indict Shine for engaging in organized criminal activity versus

delivery of methamphetamine rested with the State, not with Kelly.

> Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. Thus, "[i]f the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion."

*Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (quoting *State v. Malone Serv. Co.*,

829 S.W.2d 763, 769 (Tex. 1992) (Gonzalez, J., concurring)); *see also Bordenkircher v. Hayes*,

434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe

that the accused committed an offense defined by statute, the decision whether or not to prosecute,

and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

---

[5]*Cf. Rock v. Arkansas*, 483 U.S. 44 (1987) (defendant denied right to testify where precluded from testifying to hypnotically refreshed memories); *Chambers v. Mississippi*, 410 U.S. 284, 300 (1973) (defendant denied right to present vital evidence where state evidentiary rule precluded cross-examination of witness called by defendant where Chambers offered hearsay statements which were made "under circumstances that provided considerable assurance of their reliability"); *Ferguson v. Georgia*, 365 U.S. 570 (1961) (Georgia retained "common-law rule that a person charged with a criminal offense is incompetent to testify under oath in his own behalf at his trial.").

7

We find no abuse of discretion in the trial court's mild limitation on Shine's cross-examination of Kelly.  We affirm the trial court's judgment and sentence.


Bailey C. Moseley
Justice

Date Submitted:     September 22, 2016
Date Decided:       October 18, 2016

Do Not Publish